FILED
2003 JUL 14 PM 3:49
U.S. [...]
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOSEPH G. GIVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-03-S-0484-NE |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | **ENTERED** |
| ) | **JUL 1 4 2003** |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff, Joseph G. Givens, is a former prisoner of the Alabama Department of Corrections ("ADOC"). He was incarcerated at the Decatur Work Release Center, a community-based facility operated by ADOC, from February 17, 1994 until September 6, 2002, when he was released.[1] During his assignment to that work-release facility, Givens was employed by a private entity, and the wages paid by his employer were deposited into a Prisoner Money on Deposit bank account ("PMOD") controlled by ADOC.[2] Plaintiff commenced this action by filing a "Class Action Complaint." No class has been certified, however. The gravamen of plaintiff's complaint is that he and other ADOC work release inmates were not paid interest on funds deposited in PMOD accounts, in violation of federal and state laws.[3] Defendants subsequently filed a motion to transfer this action to the United States District Court for the Middle District of Alabama (doc. no. 7).

After considering that motion, the court had cause to question whether plaintiff has stated a claim upon which relief can be granted. Consequently, the court ordered the parties to submit briefs addressing whether ADOC's failure to pay interest on funds deposited in PMOD accounts

---

[1] *See* answer (doc. no. 9) ¶ 1, and, defendants' brief (doc. no. 14), at 2.
[2] Complaint ¶ 4.
[3] *Id.*

constitutes a violation of federal or state laws.[4] Both parties submitted briefs and evidentiary materials, and this issue now is ripe for adjudication.

The parties agree that a convict does not have a constitutional right to work for pay while incarcerated.[5] Even so, Alabama law provides a limited privilege for eligible state prisoners to earn and save money during their incarceration. *See* Ala. Code §§ 14-8-1 to -10 (1975) (1995 Replacement Vol.). A participant does not have unfettered access to his wages, however. Rather, Alabama law specifies that

> [t]he employer of an inmate involved in work release shall pay the inmate's wages directly to the Department of Corrections. *The department may adopt regulations concerning the disbursement of any earnings of the inmates involved in work release. The department is authorized to withhold from an inmate's earnings the cost incident to the inmate's confinement as the department shall deem appropriate and reasonable. In no event shall the withheld earnings exceed 40 percent of the earnings of the inmate.* After all expenses have been deducted by the department, the remainder of the inmate's earnings shall be credited to his or her account with the department. Upon his or her release all moneys being held by the department shall be paid over to the inmate.

Ala. Code § 14-8-6 (emphasis supplied). ADOC's "Manual of Accounting Procedures for Institutions and Community Based Facilities" sets forth the State's policy regarding the disposition of interest accrued on the funds deposited in PMOD accounts:

> It is the position of the Department that inmates are not entitled to receive interest on PMOD accounts. The Department maintains the PMOD accounts as a convenience for the inmates. In doing so, considerable costs are incurred. However, no service fees are imposed to offset any of those costs. *Interest earned on the PMOD funds serves to defray at least a portion of the costs.*[6]

---

[4] *See* doc. no. 12 (order entered April 29, 2003).

[5] Plaintiff's reply brief, at unnumbered page 2.

[6] Defendant's evidentiary submissions, Exhibit 4 (ADOC Accounting Procedures Manual), at 5-13 (emphasis supplied).

Plaintiff does not consider the manual to be a dispositive "regulation."[7] He observes that "[t]he State of Alabama has not mentioned the interest on these accounts in any of its regulations or code sections."[8] Plaintiff argues that, in the absence of any regulation or statute providing that interest on a PMOD account shall not be paid, a prisoner should be given the benefit of the common-law presumption that "interest follows principal."[9]

Plaintiff's theory is unconvincing for at least two reasons. First, the common-law presumption that "interest follows principal" was developed in the context of ordinary banking transactions, and is not controlling in the situation at hand. Plaintiff is not a typical depositor, but a prisoner permitted to earn and save money pursuant to a statutory privilege. Second, because the privilege to deposit funds in PMOD accounts is created by statute, the rights ancillary to that privilege also are governed by statute. In other words, in the absence of a statutory or regulatory provision providing otherwise, there is no basis for inferring that the award of a limited privilege confers with it the benefit of all of the presumptions that are typically associated with the privilege's common-law, banking analog. *See, e.g., Washlefske v. Winston*, 234 F.3d 179, 185-86 (4th Cir. 2000) ("Because Washlefske never had a private property interest in these accounts as defined by common law, but only an interest defined by statute — a statute that gives him limited rights to those funds — he cannot claim that a property interest based on traditional principles of property law was taken."). *But see Schneider v. California Department of Corrections*, 151 F.3d 1194, 1201 (9th Cir. 1998) (holding that prisoners have a protected property interest in the interest earned on personal

---

[7] The term "regulation" is not included in the "definitions" section of the relevant part of the Alabama Code. *See* Ala. Code § 14-8-1 (1995 Replacement Vol.). A generally-accepted definition, as the term "regulation" is employed here, is "[a] rule or order, having legal force, issued by an administrative agency or a local government." *Black's Law Dictionary* 1289 (7th ed. 1999).

[8] Plaintiff's brief, at unnumbered page 3.

[9] *Id.* at 3-4.

funds deposited into an inmate trust account).

Another judge of this court has held that a prisoner's claim for interest accrued on wages deposited into a work release program account is not viable.

> Prisoners have no constitutional right to employment nor to earn wages while incarcerated. Under the provisions of § 14-8-1 Code of Alabama 1975, *et seq.*, prisoners may be granted this privilege. The same Act which grants the privilege provides that, "After all expenses have been deducted by the board, the remainder of the inmate's earnings shall be credited to his account with the board. Upon his release all moneys being held by the board shall be paid over to the inmate." § 14-8-6 Code of Alabama 1975. No statutory provision is made for interest. The board is further authorized to adopt regulations concerning the disbursement of earnings. There is no statutory right to interest on such earnings. The court does not deem there to be a constitutional right to interest on earnings which are allowed by permission of statute. Forced labor by prisoners even without pay does not violate the Thirteenth Amendment. . . . There is no allegation that plaintiff has ever been promised that he would be paid interest. The "denial of interest" claim does not state a cause of action.

*Turner v. Bowen*, No. CV82-PT-2566-S, slip op. at 1-2 (N.D. Ala. Feb. 25, 1983) (Propst, J.) (some citations omitted), *aff'd on other grounds*, 726 F.2d 753 (11th Cir. 1984) (Table).

This court holds that plaintiff's claim to interest on funds deposited in ADOC PMOD accounts, whether derived from the United States Constitution, the Alabama Constitution of 1901, Alabama Code § 14-8-35(4),[10] or common-law principles, is not cognizable.[11] Accordingly, all of plaintiff's claims are due to be dismissed. An appropriate order will be entered contemporaneously herewith.

DONE this __14th__ day of July, 2003.

_____
United States District Judge

---

[10] The cited section provides, in pertinent part, that the "[e]xploitation of eligible prisoners in any form is prohibited." Ala. Code § 14-8-35(4) (1995 Replacement Vol.).

[11] Plaintiff's claims that defendants' failure to "insure that the PMOD account was placed into an FDIC insured Alabama bank in an interest bearing account" violates the Fifth Amendment of the United States Constitution and Article I, Section 23, of the Alabama Constitution of 1901, are similarly unsupported. *See* Complaint ¶¶ 18, 20. Notably, defendants assert that each PMOD account is, in fact, maintained in a "local FDIC insured bank." Answer ¶ 16.